IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV653-GCM

JML ENERGY RESOURCES, LLC, )
)
    Plaintiff, )
)
Vs. ) ORDER
)
RYDER TRUCK RENTAL, INC. d/b/a )
RYDER TRANSPORTATION SERVICES, )
)
    Defendant. )
_____)

This matter is before the Court upon Defendant's Motion to Dismiss and for Attorney's Fees. The motion has been fully briefed and is ripe for disposition.

**FACTUAL BACKGROUND**

Ryder Transportation Services ("Ryder") and JML Energy Resources, LLC ("JML") entered into a series of contracts for the leasing and servicing of commercial trucks and trailers. (Compl. ¶¶ 2,4). The series of contracts included a single Truck Lease and Service Agreement ("TLSA") dated December 12, 2018, a series of Vehicle Operating and Service Agreements ("VOSA"), and a series of vehicle leases. (Compl. ¶ 4). The TLSA contains a mandatory forum selection clause[1] which reads as follows:

> **L. Governing Law and Jurisdiction.** This Agreement shall be subject to, construed and interpreted under the laws of the State of Florida without regard to its conflicts of laws provision. The parties agree that the exclusive venue or any action relating to this Agreement shall be in a court of competent jurisdiction in Miami-Dade County, Florida.

(Doc. No. 4-2, p. 5). The TSLA also provides for attorney's fees to a prevailing party:

> **M. Attorneys' Fees.** If either party initiates litigation to enforce its rights under this Agreement, the prevailing party in such litigation will also be entitled to

---

[1] Plaintiff does not dispute that the forum selection clause is mandatory rather than permissive.

1

receive from the other party its reasonable attorneys' fees (pre-trial, trial and appellate) and costs (including those paid to a collection agency).

*Id*.

Plaintiff JML filed its Complaint herein alleging that Defendant failed to perform under the contracts. Essentially JML alleges that Ryder failed to replace tires, perform inspections, and perform proper maintenance on the leased vehicles as required under the contracts. (Compl. ¶ 18). The Complaint alleges causes of action for fraud, breach of contract, breach of express warranty, breach of implied warranty, and unfair and deceptive trade practices. The fraud count alleges only that an employee of Ryder "induced the Plaintiff to enter into contracts with Ryder, by falsely representing certain material facts." (*Id*. at ¶ 24). The facts allegedly misrepresented were that Ryder's services included normal tire replacement, preventative maintenance inspections, and annual safety meetings. *Id*. Plaintiff claims that Ryder knew or should have known that those services were not going to be performed by Ryder. (*Id.* at ¶ 26).

Ryder has moved to dismiss the complaint on the basis of the mandatory forum selection clause and to receive an award of attorney's fees pursuant to paragraph M of the TLSA.

**DISCUSSION**

A forum selection clause is presumptively valid and should be enforced absent a showing that to do so "would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). Moreover, the burden is on the objecting party to show that a forum selection clause is unreasonable or unjust. *Bryant Electric Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1197 (4th Cir. 1985). "The burden of proving

2

unreasonableness is a heavy one," and is met only by a "showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the [party] of his day in court." *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 35 (5th Cir. 1997).

The Fourth Circuit has applied a four-prong test for determining whether a forum selection clause is unreasonable:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991); *M/S Bremen*, 407 U.S. at 12-13, 15, 18)). There is no evidence that prongs two or three are present in this case.

Plaintiff's main argument is that the contract was procured by fraud. Plaintiff argues fraudulent inducement by alleging that a Ryder employee, before execution of the TLSA, falsely represented material facts including but not limited to: Ryder would provide normal tire replacement; preventative maintenance inspections; and annual safety meetings. These allegations go to whether Defendant breached the contracts, which is the crux of this lawsuit. While not before the Court, it is doubtful that the fraud claim could survive a Rule 12(b)(6) motion.

The Court also notes that that this agreement was entered into in an arms-length transaction between two commercial entities. Thus, overreaching is not an issue.

3

Lastly, Plaintiff argues that enforcement of the forum selection clause would run afoul of the public policy of North Carolina as set forth in N.C. Gen. Stat. § 22B-3.[2] However, this Court has made it clear this is only one of the factors to be considered when evaluating reasonableness for a forum selection clause, and does not otherwise render a freely negotiated forum selection clause unenforceable. *See Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 241-42 (W.D.N.C. 2008); *Peltier v. Mathis*, 2016 WL 4386091 at *6 (W.D.N.C. June 23, 2016) (Noting that "[f]ederal Courts in North Carolina routinely enforce forum selection clauses despite the existence of Section 22B-3."). Considering the *Allen* factors, this Court finds that Plaintiff has failed to meet its burden of showing that the forum selection clause in this case should not be enforced.

Although Defendant has moved to dismiss this case pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, the appropriate motion would have been a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Section 1404(a) is the exclusive mechanism to enforce a forum selection clause that points to another federal forum when venue is otherwise proper in the district where the case was brought. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 575, 577 (2013) ("We reject petitioner's argument that [a forum selection] clause may be enforced by a motion to dismiss under 28 U.S.C. § 1406(a) or Rule 12(b)(3) of the Federal Rules of Civil Procedure.") There is no dispute that venue is otherwise proper in this district, as this district is alleged to be the situs of the events material to the litigation.[3] Accordingly, the

---

[2] "In North Carolina, any agreement entered into in the state which purports to fix the forum for the parties' future litigation or arbitration in a location outside of North Carolina is unenforceable." *Bassett Seamless Guttering, Inc. v. Gutterguard, LLC*, No. 1:05CV00184, 2006 WL 156874 at *6 (M.D.N.C. Jan. 20, 2006) (citing N.C. Gen. Stat. § 22B-3).

[3] The question of whether venue is "wrong" or "improper" is generally governed by 28 U.S.C. § 1391. *Atl. Marine Const. Co*. 134 S. Ct. at 575. That provision states that "[e]xcept as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States." § 1391(a)(1). It further provides

4

Court will deny Defendant's Motion to Dismiss and for Attorney's fees and will transfer this case to the United States District Court for the Southern District of Florida.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss and for Attorney's Fees is hereby DENIED, but pursuant 28 U.S.C. § 1404(a), this case is hereby transferred to the United States District Court for the Southern District of Florida.

Signed: March 30, 2021

Graham C. Mullen
United States District Judge

---

that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." § 1391(b). "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." *Atl. Marine*, 134 S. Ct. at 577.